## Case No. 13,288.

STANLEY RULE & LEVEL CO. v. DAVIS.[1]

Circuit Court, D. Connecticut. 1877.

PATENTS—ANTICIPATION—EXCESSIVE BREADTH OF CLAIM—SPIRIT LEVELS.

[The Hosmer patent of November 11, 1862, for an improved mode of adjusting the spirit vials in the stocks of spirit levels, *held* void, because the claim is so broad as to cover various prior constructions, and because, if there was any patentable invention, it was not definitely distinguishable from that which was claimed without right.]

[This was a bill by the Stanley Rule & Level Company against Leonard L. Davis, for infringement of a patent relating to spirit levels.]

Charles E. Mitchell, for plaintiff.
A. L. Soule, for defendant.

SHIPMAN, District Judge. This is a bill in equity to restrain the defendant from an infringement of letters patent [No. 39,906], which were granted to Thomas N. Hosmer, dated November 11, 1862, for an improvement in spirit levels, and which patent was duly assigned to the plaintiff on October 16, 1871. The important question in the case is as to the validity of the patent. If the patent is valid, there is a manifest infringement by the defendant. The material portion of the specification is as follows: "This invention relates to an improved mode of securing and

---

1 [Not previously reported.]

[Drawing of patent No. 39,906, granted Nov. 11, 1862, to T. N. Hosmer; published from the records of the United States patent office.]

surface, in which an oblong metal box is fitted and secured at one end by a hinge or joint. The opposite end of this box is retained in proper position by a screw, which passes through a plate on the upper surface of the box, and which serves as a cover for the opening or mortise, the screw passing through a hole in a projection at the end of the box, said hole being provided with a female screw. Within the box the spirit bulb or vial is placed, and secured in position by being imbedded in plaster of Paris, as usual. The bulb or vial is adjusted perfectly parallel with the bottom of the block by turning the screw, and said bulb or vial, when thus adjusted in the block, forms, in connection therewith, what is commonly termed a 'spirit level.' In case of any inaccuracy in the position of the bulb or vial, or in the block, it will be seen that the bulb or vial, by adjusting the screw, may always be kept in proper relative position with the under side of the stock; and, in case the bulb or vial should be broken, it may be readily replaced by a new one, and the latter adjusted in proper position without any difficulty whatever. This result is not attained by the ordinary spirit levels, which have their bulbs or vials permanently secured in them, and require to be adjusted by a mechanic, or one skilled in the art." The claim is: "The securing of the glass spirit bulbs or vials of spirit levels, plumbs, grading implements. &c., in their stocks or blocks, by having the boxes in which said bulbs or vials are placed fitted in recesses in the stocks or blocks on a hinge, screw, or pivot, and adjusted and secured in proper position by a screw, substantially as herein set forth." The invention relates to the ordinary carpenter's level, in which the box containing the bulb glass is fitted in a recessed stock. The obvious idea of the inventor was to make an improvement upon the levels formerly in use, which had their bulbs or vials permanently secured in stocks. and which could not be adjusted except by a displacement of the vial, or an alteration of the stock, and to accomplish this improvement by having the box which contained the bubble glass fitted upon a hinge, screw, or pivot, and adjustable by means of a screw, so that the position of the bubble glass can always be regulated at pleasure.

It is clearly proved that, prior to Hosmer's invention, levels were made by Daniel Davis. with the bulb fastened in boxes, and secured in a recess in the stock by a screw, at one end, acting as a hinge or pivot, and a screw with a spiral spring at the other end, acting as an adjuster; and that levels had also been made by one Deane, with the bulbs fastened in boxes, and secured in a recess in the stock by screws, with spiral springs at each end. either screw acting in securing or adjusting the bulb, as occasion might require. These two levels are unpatented. So far as the means by which adjustability of the bubble case

adjusting the glass spirit bulbs or vials in the stock of the implement, whereby the bulbs or vials may be very readily replaced if broken, and when fitted in the stock, capable of being adjusted in proper position, so that it may answer the purpose for which they are designed. To enable those skilled in the art to fully understand and construct my invention, I will proceed to describe it:

"A represents a rectangular block of wood of any proper dimensions; and having a rectangular bar opening or mortise in its upper

is obtained, the three levels are substantially alike. The bubble case is adjusted in proper position, in the patented instrument, by a screw passing through a hole at one end of the box, which screw acts upon a hinge or pivot at the other end. In each of the other levels, the adjusting device is a screw with a spiral spring, and the box is fitted in the recess, at the other end, upon a screw, which is the equivalent of the hinge or pivot of the Hosmer level, and is recognized' as such in the patent. It is admitted by the plaintiff that, if the Deane or Davis level had been patented, the Hosmer level would have been tributary to such patent; but it is contended that the Hosmer level is an improvement upon its predecessors, and therefore is a patentable invention. The claim of the patent does not specify the improvement, but is broad enough to include every bubble glass fitted in a recessed stock upon a hinge, screw, or pivot, and adjusted by a screw which operates substantially like the patented invention; and if this method of making levels, whereby the bulbs may be replaced or adjusted, had been in fact invented by Hosmer, he could properly have made such a claim. But the invention which is stated in the claim was anticipated by others.

The difference between the Deane or Davis level and the Hosmer level consists in this: that in the unpatented levels the screws which regulate the bubble case perform also the office of securing the face plate of the box to the stock. In the Hosmer level, the face plate is secured to the stock, and the regulating screw is a separate and independent screw. In other words, in the Hosmer level, the face plate is fixed, and in the Deane and Davis levels the face plate is movable. The fixed face plate also involves the necessity of a change of location of the regulating screw, which in the patented instrument, passes through the face plate in a projection at the end of the box.

It is claimed by the plaintiff that the fixed face plate is a manifest improvement upon the pre-existing levels which have been mentioned, and that an essential part of the invention consisted in passing the adjusting screw through such a plate, and in a projection at the end of the box. It may be true that the fixed face plate is an improvement, not in respect to the general method by which adjustability is produced, which, as has been said, is substantially alike in the three levels, but in the instrument as a whole; and without undertaking to decide a question which is immaterial in the present case, I think it might be shown, that, in consequence of the fixedness of the face plate the Hosmer level is an article more convenient, more durable, and less liable to need repair, than the Deane or Davis level. But the level which was manufactured by J. & H. M. Pool in the year 1830, and which has been since made and sold by H. S. Delano, of Easton, Mass., consists of a bulb box, with a fixed face plate, fastened to the stock by a hinge at one end, and adjusted by a screw passing through the arm of the bulb box into a female screw in the wood of the stock. This bulb box was placed upon the stock, and the whole instrument is like the plaintiff's level, except that the latter is placed in a recessed stock. The patented invention (if invention there was, and not a mere change of location, producing no new result) consisted in placing the Pool device in a recessed stock, and thus was simply a combination of the fixed face plate of the Pool level, its adjusting screw and hinge, and the old recessed stock. There is, however, no mention of this combination nor of the actual invention, in the specification or in the claim. The claim is broader than the invention, and does not distinguish between what is old and what is new. If any part could be rightfully claimed, it is not "definitely distinguishable" from the part which is claimed without right. Hill v. Thompson, 3 Mer. 629; Evans v. Eaton, 7 Wheat. [20 U. S.] 356; Rumford Chemical Works v. Lauer [Case No. 12,135]. The bill should be dismissed.